## MARY E. JOHNSON, Appellant, v. E. A. JOHNSON, Administrator, Respondent.

### Kansas City Court of Appeals, November 11, 1912.

1. **IMPLIED CONTRACT: Family Relation: Instruction.** A married daughter rendered services, such as washing, to her father who lived alone. There was evidence tending to show that she did not intend to have him pay for such service. *Held,* that it was proper to instruct the jury that in passing on the question of an implied contract to pay, they had a right to examine the circumstances shown in evidence, including the relationship of the parties.

2. ————: ————: ————: **Payment to Debtor: Evidence.** Where the evidence showed that a married daughter paid to her father a note of $388 after her account for services against him was charged to have accrued, it was *held* to be evidence tending to show that she did not intend to charge for such services.

3. ————: ————: ————: **Argument: Practice: Court's Rulings.** It is not proper practice for counsel to state to the jury in his closing argument what the court would have ruled had plaintiff offered herself as a witness. The court's rulings should be announced by the court.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*J. C. Growney* for appellant.

*Cook, Cummins & Dawson* for respondent.

ELLISON, J.—Plaintiff's action is to recover $550 for eleven years services, principally in washing,

at fifty dollars per year, rendered to her father in his life time. The verdict and judgment in the trial court was for the defendant.

There was abundant evidence to sustain the verdict, and we will therefore only need to examine into alleged errors said to have taken place at the trial. There was evidence tending to show by direct and reasonable inference that plaintiff did not intend to charge her father for the services rendered. It is true that it shows she was a married woman, who not living with her father, but it likewise has a tendency to show that whatever she may have done for him was caused by the fact that she was his daughter and that he, living alone, needed her assistance at times. There was other evidence, showing she and her husband gave and paid a note for $388 after her account in suit had accrued. Notwithstanding evidence of this character, plaintiff complains of the court refusing an instruction offered by her which directed a verdict for her unless the jury believed there was a contract between them that a charge should not be made. Under this instruction the jury may have believed that plaintiff rendered the service to her father gratuitously without expecting pay, yet unless there was a contract between them that she would not make a charge, the verdict must nevertheless be for her. The instruction was properly refused.

An instruction was given for plaintiff which properly submitted every hypothesis to which she was legally entitled. It informed the jury that where labor and services were rendered, a contract of hiring was presumed; but that the relationship of the parties might raise a presumption that no charge was intended; and that it was a question for them to decide, taking into consideration all the circumstances, whether there was an implied agreement to pay plaintiff. They were further directed that if they believed

Johnson v. Johnson.

it was understood between plaintiff and her father that he should pay her, she should have the verdict.

The instructions for defendant were unobjectionable. They are not open to the criticism that they assumed plaintiff's services were intended as a gratuity. One instruction is said to be erroneous for the reason that there was no evidence that the services were intended as a gratuity without expectation of pay. We have already seen that there was ample evidence of that nature. It was not shown in words, that plaintiff had stated she was not expecting to be paid, but there were many convincing circumstances tending to show that to be the fact.

One of defendant's instructions was based on the theory of a settlement or payment, and it is claimed that there was no evidence upon which to base it. The record shows there was.

The chief complaint concerns the action taken by the court on an objection made by defendant's counsel to a part of the closing argument of plaintiff's counsel, wherein he undertook to explain to the jury why plaintiff had not been a witness in her own behalf and stated what the court would have ruled if she had been offered. The court ruled this to be improper, stating that it was not proper for counsel on either side to refer to the fact that she did not testify, leaving an impression that the jury might be regarded that as a circumstance for or against her. It was not proper argument for counsel to assume to tell the jury what the law was to plaintiff's right to testify and what the court would have ruled in that regard. What the court's rulings would be are matters for the court's announcement. The correct practice would have been to have asked an instruction from the court, if nothing had arisen in the trial giving plaintiff a right to testify, and if it was deemed proper to have a ruling on that point, wherein the jury could have been directed

not to allow the fact of plaintiff's not testifying to prejudice the case for or against her.

Authorities on the general subject of claims presented against estates by relatives of the deceased, may be found collected in plaintiff's brief. None of them has any bearing against the views herein expressed.

The judgment is affirmed. All concur.